Welcome. First case up is United States v. Davis. Ms. Hambright. May it please the court. Brandy Hambright for appellant Terrance Davis. The issue before the court this morning is whether the least culpable or minimum conduct capable of supporting Mr. Davis' conviction under Alabama's first-degree sexual abuse statute necessarily involves the use, attempted use, or threatened use of physical force sufficient to make it a qualifying offense under the Armed Career Criminal Acts Force Clause. I should begin this morning by telling your honors that in preparation for oral argument today and in review of many cases, it appears to me that both counsel opposite and I engaged in what is probably impermissible fact-finding in our briefs. After review of the law, it appears that that is expressly forbidden in this particular case because we are constrained by the categorical approach to determining if an offense qualifies as a predicate offense. Or a modified categorical approach in this case. Yes, Your Honor. It all comes down to whether this crime for which the defendant was convicted of sexual abuse in the first degree, whether the forcible compulsion requires physical force up to the level of the ACCA violent felony. Yes, Your Honor. Doesn't that pretty much come down to our interpretation of the Poe case? Yes, Your Honor. All right. Tell us about the Poe case. Judge, the Poe case followed by Higdon in 2015 set forth a new method by which the prosecution may prove, attempt to prove beyond a reasonable doubt, the element of forcible compulsion under Alabama law. And that is that it established the ability to prove forcible compulsion by relationship of the victim to the defendant in such of a position of authority or dominion. In the Poe case, it was a father and a daughter. In Higdon, it was a 17-year-old daycare worker. But wasn't that, and I understand where you're going with this, but it seems to me like when you read Poe that the whole basis for that rule was the court found that there was, based on the relationship, an implied threat of physical force of some type. Am I misunderstanding that? And if I'm not, why is that not sufficient to satisfy the elements clause of the ACCA? Your Honor, they did. They did, in fact, term it an implied threat. I feel as if the… They said implied threat of some sort of disciplinary action. That's correct. Which could mean you're grounded, which could mean you can't play with your friends, which would mean you can't watch TV. Right. That's correct, Your Honor. The Poe court said expressly, and I believe this is a quote, there is no evidence that NS, that is the minor, was overcome by her father's physical force. Neither is there evidence of any express threat by Poe, her father. It doesn't have to be expressed, does it? That's correct, Judge. And I think that you hit the nail on the head when you stated that the child is in a position or a child is in a position that may not necessarily be, they're just, I don't know if they're in fear, they just feel that they should comply with the directives or whatever is asked of them of their parent. In the child's mind, in a Poe case, I believe that she said she was not fearful of her father. And so I believe that to, we cannot look to the facts of each forcible compulsion case to determine whether or not there was a fear. When you put the Poe case in the context of the stream of cases, it's difficult to ignore the, what was quite transparently the driving force here of a local prosecutor who simply could have charged, as a lay down hand, the violation of a crime of sex with a minor under 12, as I recall. Alabama laws are a little muddy. But, and then, and hence the court itself obviously upholds that eventually. Now, I don't read the later case in Higdon and so forth and their references to Pennsylvania and the psychological relationships thing to soften that doctrine. And your Alabama pattern instructions still require that. So, in other words, that seems, what I'll be straightforward with is I read the Alabama law. The element is still there. The element of forcible compulsion is still there, Your Honor. Yes, ma'am. Yes, I agree with you. However, I believe that there is an avenue available still since 1991 for prosecutors to take this avenue that allows a jury to make an inference to reach reasonable doubt or beyond reasonable doubt. And because it is very clear that we have to look to the least culpable conduct under the Alabama law, and that is statutory jury instructions and case law. And I think case law in this case has Well, you mean that they, of course, the juror can take into account in answering the question of whether you have compulsion, the relationship of the parties, et cetera, et cetera. And to that extent, the draw on the Pennsylvania jurisprudence makes sense. But that still leaves the compulsion as the element, doesn't it? It does. It's a forward. And compulsion, I think, seems very straightforwardly to be forceful. Judge, the term is still there. The question is how can the term be proven and what is the least culpable way that it can be proven? The question is exactly. It's what is under the jury instructions, what was the jury allowed to determine? And in Poe, they were, Judge, allowed to infer that the child was psychologically felt like she had to follow her father's instructions, despite the fact that she may have and probably did know that it was wrong. She did what her father directed and did not say that she was fearful of him or that she felt threatened in any way. But I read that as my colleague, I think, does. That's another way of finding that. And given that relationship that they found, that is a compulsion that meets the standard. That is force. And that's true, Judge. And I don't think that if that, we don't know in every case where forcible compulsion is attempted to be used as a qualifying predicate to ACCA. Courts are not permitted to look to the facts of every case to determine if there was, whether it was a physical threat, whether it was physical force, whether it was a deadly weapon, or whether it was simply a relationship between a daycare worker and a child or a father and a child. And I think that the case that began much of this, Johnson, in 2015, the court stated that based on the Fifth Amendment or based on the Sixth Amendment right to, you know, have to, that the Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process and allowing a sentencing court to go behind or after a trial court in a lower court and make fact-finding determinations is against the Sixth Amendment. No quarrel about that. I think that's settled. And further, the elements. Hickman, of course, said that a child's general fear of a parent can suffice as the force necessary to support a rape conviction, the child's general fear of a parent. So that's a particular, that doesn't sound to me like an abandonment of the forces necessary under the statute, but it's descriptive of a particularly unique relationship, a parent and child. That was a girl's father. Yes. Yes. And I don't, I have trouble extrapolating that to other contexts. Well, in Higdon, actually, Judge, it was a, that was a 2015 case where the daycare worker was a 17-year-old male who had performed acts on young children. And the court followed Poe in allowing that case to go, I believe, to the jury to determine forcible compulsion, which they did in that case. So there was actually, the relationship was much different, and I find it compelling that the court, the Alabama Supreme Court, followed Poe, which presents, I think we can agree, a much different relationship with father and child. But I think that the rationale was the same in that the child felt compelled to follow the directions of a superior or a person in authority. Under Alabama law, if a 21-year-old male seduces a 21-year-old female by looking into her blue eyes and telling her how wonderful she is and how much he loves her, and they proceed to have sex, that he has raped her. I think that probably depends on what… It's a psychological, emotional relationship, and so forth, and it's coercive, it's powerful. But that doesn't, of course not. Right, Your Honor. And it all comes down to in review of a case by a trial court judge in a district court who is determining whether an offense is a predicate offense under the ACCA, they are limited to, as you know, in this case, finding that the statute is divisible, which our judge did. But in this case, the judge did not go further to determine whether the particular category, or she did find that it did, but without reviewing state law. And so I feel that we fell short of completing the analysis in this case. Thank you, counsel. We'll hear now from Mr. Brinson. May it please the court. Just as a correction of the record, in Poe, the testimony from the little girl was that she was afraid of her father. And also, I will say that the language that the Alabama Supreme Court used in that case was a little bit loose in describing it. At the end of the opinion, the court clarifies that this only provides a mechanism that allows a jury to discern whether there is a rational fear of violence. So it's clear that they are not trying to change the definition of physical. Well, the problem for you, counsel, is that in the opinion, the court said we like the North Carolina and the Pennsylvania cases better than the other cases. And the North Carolina and the Pennsylvania cases could not, under any circumstance, I think, pass the test of physical force, meaning violent force, force capable of causing pain or injury to another person, for example. In Poe, the Alabama Supreme Court quotes with favor the Supreme Court's Pennsylvania, denoting forcible compulsion connotes the act of using superior force, physical, moral, psychological, or intellectual. Intellectual physical force and moral physical force are to some extent an oxymoron. But what they're talking about there with the difference in age is if you just tell them that this is the way that things are and it's fair and it's natural, or somehow you intellectually persuade a child to do that, that's fine. That's forcible compulsion. And the Alabama Supreme Court, in addition to buying into that decision, similar North Carolina decision, and rejecting the others said, when a defendant who plays an authoritative role in a child's world instructs a child to submit to certain acts, an implied threat of some sort of disciplinary action accompanies the instruction. If the victim is young, inexperienced, and perhaps ignorant of the wrongness of the conduct, the child may submit the act because the child assumes the conduct is acceptable. And you would agree with me if the child submits because she assumes that it's acceptable, that's not forcible compulsion. I'm sorry, that's not the use of force in the ACCA sense. I wouldn't think so, Your Honor. All right. And then it says, moreover, fear of the parent resulting from love or respect may play a role as great or as greater than that played by fear of threats of serious bodily harm or coercion in a child to submit to a sexual act. That's not ACCA fear, is it? Well, Your Honor, I think that some of that language could be a little bit wider than what the court actually held. Some of that, I would argue, is dicta to the actual holding, which is very limited as the court itself explained. So in interpreting what will suffice for ACCA purposes of state court decision, we're only to look at the actual facts of the case and the result and we ignore whatever the Alabama Supreme Court says? Well, you have to look at what the actual holding was and what they said it was. That's my question. We look at what the facts, the jury could have found the facts were in that case. The jury could have found that the little girl was afraid. We're not sure, afraid of physical. That there was an implied threat of physical force. Although that's not really what the little girl testified to or what they said she testified to. But in any event, we look at that and then we look at the result, conviction affirmed. And that's as far as we go. We don't look. The Alabama Supreme Court has said besides fear of physical injury or pain or physical action. It's not even required. But if the facts were there was physical threat in that case and the result was affirmed, we ignore what the Alabama Supreme Court said. I don't think you ignore what the Supreme Court says. What it says is not the holding per se. Right. I think you need to look at the limits of their holding. And they did not change the definition of physical force. So we simply said that under certain scenarios that the jury would be permitted to make that finding. And they're not going to say that evidence was insufficient. So that was, you know, what the evidence was in that particular type of case. Just so I know where you're coming from. On an ACCA inquiry like this into what state law requires or what state law permits for a conviction. What's your definition of the hold? My definition of the holding here is that. No, no. Oh, we've got to make a rule here. What is the holding when it's an ACC inquiry and whether physical force is required. Always required to get a conviction under the state statute. I think you look to what the state has defined the term physical force to be if it's ambiguous. And I don't believe in this case that they changed the definition of physical force. They simply allowed the jury to consider these types of things in determining whether there was actually an implied threat of physical force. Well, the jury can determine these kind of things and can convict because there's an implied threat of some sort of disciplinary action. Not necessarily physical force, but some kind of disciplinary action. Then that indicates that the state crime includes something less than physical force, does it not? I would argue that that's a different way of describing physical force. In some cases, the jury may decide she didn't fear physical force. Some sort of disciplinary action. I would think that, you know, I know that many of us, if my parents or one of somebody else's told me directly to do something when I was 9 or 10 years old. I would always have an implicit threat of physical force being used. And it doesn't have to be serious bodily injury. We would incorporate the Brinson standard into the ACC inquiry. Whatever you would have feared. No, sir. I'm just giving that as an example of the court is talking in general. What I'm trying to do, counsel, is say when we have a state court opinion. In which the facts the jury might have construed to require physical force, but didn't necessarily have to. They didn't have to believe the young girl about her fears. How do we determine whether physical force is required when the Supreme Court of Alabama says affirmed and says things like some sort of disciplinary action? The child may submit because the child assumes the conduct is acceptable. Your Honor, I agree that the language is not ideal in this case. But at the same time, again. Do you find Alabama law outside the local parentage relationships that tolerate that? I'm sorry, Your Honor. Do you find that Alabama law, apart from the local parentage relationships in those sets of cases, allow a jury to infer, to find compulsion in a way that allows them to find coercion for something less than a physical force or a threat of physical force? I haven't seen any indication of that. I think that that's the only provision as stated in this case where they would give, as they say, the jury a mechanism to consider that among the totality of the circumstances. As to whether there's an implied threat of physical force. I don't think that they said that now that you can use this and find that there's an implied threat of psychological force. Or that they didn't say that. The jury instructions are the same. The statutory definition is the same. You know, so. Do we have the jury instructions in as part of the record that was before the district court in this case? We don't have the jury instructions in this particular case because it was a plea. Oh, that's right. So we do have the plea colloquy. But we don't have the actual jury instructions. We don't have the plea colloquy. I did cite to the pattern jury instructions that would presumably be used in these types of cases. And one reason I cited the other three or four cases. You know, one from this circuit and a few from our sister circuits. Is that they all involve different statutes that were a lot more vague than the one on its face at least. That we're dealing with here. Where they talked about just putting in fear of someone. And so most of the court said that's the same as an implicit threat. So there's not really a problem with looking at the way that this statute was actually violated in the typical case. Of course the question is putting in fear of what? Right. And ACCA fear is physical force. Physical force. Force capable of causing pain or injury to another person. Even if it's just a slap in the face. As opposed to fear of some non-physical disciplinary action. Right. I don't like this whole regime. ACCA. It to me is the theater of the absurd that plays every day. But it seems to me under Mathis. Company with me your honor. Yeah. Under Mathis and Johnson and so forth. You look for absurdities like this. And your honor. I just, you know, I would just say that under this. You know, I think that the PO holding is very narrow and it's talking about circumstances that the evidence that the jury can look at. It's not didn't change any definitions. That changed the fear that is supposed to be in the victim's. If they let jurors. Even though the facts of the case. It's not. If they let jurors. If they allow the Supreme Court to find this offense in a way that that's going to define the permissible charge to the jury itself. And if the jurors are allowed to. It's what the jurors are allowed to find. Determinant. Right. Your honor. I mean, I think they still have to find the same definition that's in the statute. It's just can they have some inferences about what happened? What went on in certain cases when you have little kids and parents. That doesn't stop there. Because what's in the statute has meaning under the state law. Well, let's start looking at the law. Fifty states. I missed that. Some of the circuit and we're having a lot of difficulties with this whole set of cases. Fifty other states and the D.C. And. Six or eight hundred different criminal statutes in each of them. It's just it's madness. It really, really is. It's it is difficult to consider. The Supreme Court says. But apparently a straight face that this is the way the Congress wanted it. Because it would have taken too much time to inquire into the actual facts of conviction in each case. And arguably, your honor, this case would be a lot simpler without madness. Because madness before madness, we might could look and really come to the conclusion that forcible compulsion is divisible, you know, because it's just to its alternative. And it's very clear under the facts of this case. It was not even a threat. It was an actual assault. The post post madness. I can't credibly argue that. Justice Kagan was pretty clear, I think, in that opinion. The cop was a little bit less clear to me at the time. But madness was was pretty clear. However, even under this scheme, I still think that that you can you can look to this state decision as as limited and it's not changing the definition. And I would also just reiterate that none of this was brought up before the district court. So we don't have anything on it right now. Mr. Brinson, you've been up front of us in front of me before. And you always do a great job. But it seems like I always end up asking tough questions to you and maybe a little aggressively. And one of my favorite comic strips from Snoopy was Charlie Brown was in bed one night wondering why some great misfortune had fallen him. And he's looking at the stars and he says, why me? Why? Why me? The next panel, a voice comes back from the stars. It says nothing personal. Your name just came up. I assume your name just keeps coming up on these cases in the U.S. Attorney's Office. Well, quite often, ACCA keeps me busy. So it's always honor. All right. Thank you for that argument. Ms. Hambright, three minutes. Sometimes good counsel knows when to sit down and not say anything. Judge, I would just I did not mention Alexander, the case out of the seventh. I'm sorry, Ohio out of the Sixth Circuit from 2017. I don't know if your honors had an opportunity to review the Alexander case, but it was an Ohio law of gross sexual imposition at issue, whether it was a predicate offense under the ACCA. And the Alexander case has a quandary. Very, very similar to what we have here. And the court was looked to its Ohio state law and or case law. And there were some very similar cases to Poe. And one of the terms that was used was that the the finding that the force need not be overt and physically brutal, but can be subtle and psychological. And the Sixth Circuit, I think, felt compelled, if not forced to determine that that that statute was not a predicate offense under forcible compulsion due to the limitations they have before them, much like we have. And I think that it's clear that your honors don't agree with Poe. The dissent in Poe was also very clear that he felt like the slope was becoming very slippery. But at this point, I would argue that, you know, we are where we are and that we cannot we have to look at the at the limits and not the fact or the limits as far as they can go and not the facts of each case. When we're determining these issues of ACCA, the Moncrief Court. Let me ask you about the way that this statute is structured. You have elements one and two, which would agree to get where we've been in this argument. We've had to assume that these are your elements. And the first element is subjects, a person of sexual kind of a forceful compulsion. And the second one is a second category, which talks about being physically helpless or mentally incapacitated and so forth. There is a suggestion that was out there that one can can group these particular. This approach here is to and it's gotten both things. Obviously, it's only talking about the second element of that and not compromising the first one. But I won't take any more time about it. Your Honor, I don't think that POE fell within the second one because of the age, if I recall correctly, but I'm not certain. But in any event, it did not apply. The problem was that they mischarged the guy instead of charging on the basis of age. And then that's perhaps the source of that. And that doesn't sound understanding how it got there and how they got there. Doesn't really alter where we are. If I may respond, I agree. Thank you, Your Honor. And notice your court appointed. We appreciate you handling the case. Thank you, Your Honor. Next case up is Stede versus Equifax.